[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 19-12282
Non-Argument Calendar
_____

D.C. Docket No. 1:08-cr-21104-DMM-8

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MARCUS CARROLL,
a.k.a. Man,
a.k.a. Soup,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(December 22, 2020)

Before NEWSOM, BRANCH, and BLACK, Circuit Judges.

PER CURIAM:

Marcus Carroll appeals the district court's denial of his motion for a reduced sentence under Section 404 of the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194 (First Step Act), arguing the district court erred in concluding that he was ineligible for a sentence reduction. The facts of this case are strikingly similar to those in our recent opinion, *United States v. Taylor*, __ F.3d __, No. 19-12872, 2020 WL 7239632 (11th Cir. Dec. 9, 2020). In that case, we vacated and remanded the district court's denial of a defendant's motion for resentencing under the First Step Act. *Id.* at *5. The same result is dictated here. Because the district court erred in concluding Carroll was ineligible for a sentence a reduction, we vacate and remand.[1]

## I.  BACKGROUND

In December 2008, Carroll was indicted, along with several others, for knowingly and intentionally conspiring to possess a controlled substance with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1), 846. The indictment alleged, pursuant § 841(b)(1)(A)(ii),[2] that the controlled substance involved in the offense consisted of 50 or more grams of a mixture and substance containing a detectable amount of cocaine base, *i.e.*, crack cocaine, and five or more kilograms

---

[1] We review *de novo* whether a district court had the authority to reduce Carroll's sentence under the First Step Act. *United States v. Jones,* 962 F.3d 1290, 1296 (11th Cir. 2020).

[2] This citation in the indictment appears to have been a typographical error with respect to crack cocaine, as it is § 841(b)(1)(A)(iii)—and not § 841(b)(1)(A)(ii)—that deals with crack cocaine. *See* 21 U.S.C. § 841(b)(1)(A)(ii), (iii).

of a mixture and substance containing a detectable amount of cocaine. According to the indictment, the offense conduct began in or about May 2007 and continued through in or about September 2008.

Carroll pleaded guilty pursuant to a written plea agreement. At the sentencing hearing, the district court calculated Carroll's offense level as 34, criminal history category as VI, and guideline imprisonment range as 262 to 327 months. The district court stated a downward variance was appropriate because the guideline range was too high relative to the sentences of Carroll's co-conspirators and the nature of his criminal history, which essentially amounted to street-level narcotics trafficking. The district court sentenced Carroll to 180 months' imprisonment followed by 5 years of supervised release. The judgment issued by the district court listed Carroll's offense as conspiracy to possess with intent to distribute 50 grams or more of crack cocaine and 5 kilograms or more of powder cocaine.

In April 2019, Carroll filed a motion for a reduced sentence pursuant to Section 404(b) of the First Step Act. Carroll argued he was convicted and sentenced, in part, for an offense carrying the statutory penalties that the Fair Sentencing Act modified. He noted the amount of crack cocaine for which he was convicted and sentenced no longer triggered the ten-years-to-life penalty range in § 841(b)(A)(iii). Carroll further contended because he was convicted and

3

sentenced, in part, for a covered offense that occurred before the enactment of the Fair Sentencing Act, the district court had the authority to grant him a sentence reduction. While Carroll acknowledged his statutory and guideline penalty ranges remained unchanged based on the amount of powder cocaine at issue, he argued the First Step Act was not limited to individuals who were convicted only of crack-cocaine offenses.

The Government opposed Carroll's motion, arguing the Fair Sentencing Act would have had no impact if it were in effect when he was sentenced because, given the amount of powder cocaine involved in his offense, he would have been subject to the same statutory and guideline penalty ranges regardless of the amount of crack cocaine involved in the offense.

The probation officer submitted a report in which he stated the statutory penalty range for Carroll's offense remained unchanged because the offense involved five or more kilograms of powder cocaine as well as crack cocaine. The probation officer stated Carroll was not eligible for relief because the First Step Act did not lower the statutory penalties for his offense. The probation officer also noted that Carroll's guideline imprisonment range remained the same due to the career-offender enhancement.

The district court denied Carroll's motion for a reduced sentence, explaining that, after considering the submissions from the Government, the probation officer,

4

and Carroll, it had concluded that the Fair Sentencing Act "would have had no impact on the defendant's sentence. As a result his guideline range would have been unchanged." Carroll now appeals.

## II. DISCUSSION

The Fair Sentencing Act of 2010, Pub. L. No. 111-220, 124 Stat. 2372 (Fair Sentencing Act), enacted on August 3, 2010, amended 21 U.S.C. §§ 841(b)(1) and 960(b) to reduce the sentencing disparity between crack and powder cocaine. Fair Sentencing Act; *see Dorsey v. United States*, 567 U.S. 260, 268-69 (2012) (detailing the history that led to the enactment of the Fair Sentencing Act, including the Sentencing Commission's criticisms that the disparity between crack cocaine and powder cocaine offenses was disproportional and reflected race-based differences). Section 2 of the Fair Sentencing Act changed the quantity of crack cocaine necessary to trigger a 10-year mandatory minimum from 50 grams to 280 grams and the quantity necessary to trigger a 5-year mandatory minimum from 5 grams to 28 grams. Fair Sentencing Act § 2(a)(1)-(2); see also 21 U.S.C. § 841(b)(1)(A)(iii), (B)(iii). These amendments were not made retroactive to defendants who were sentenced before the enactment of the Fair Sentencing Act. *United States v. Berry*, 701 F.3d 374, 377 (11th Cir. 2012).

In 2018, Congress enacted the First Step Act, which made retroactive the statutory penalties for covered offenses enacted under the Fair Sentencing Act. *See*

First Step Act § 404. Under Section 404(b) of the First Step Act, a court "that imposed a sentence for a covered offense may . . . impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act . . . were in effect at the time the covered offense was committed." *Id.* § 404(b). The statute defines "covered offense" as "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 or 3 of the Fair Sentencing Act . . . , that was committed before August 3, 2010." *Id.* § 404(a). The First Step Act further states that "[n]othing in this section shall be construed to require a court to reduce any sentence pursuant to this section." *Id.* § 404(c).

In *Taylor*, the defendant was convicted for conspiracy to possess with intent to distribute at least 5 kilograms of cocaine and at least 50 grams of crack cocaine in 2001. *Id.* at *1. After Taylor filed a motion for resentencing under the First Step Act, the district court denied the motion, finding that Taylor's offense was not a "covered offense" because it involved, in addition to crack cocaine, 5 kilograms or more of powder cocaine which continued to trigger the mandatory minimum sentence of 10 years. *Id.* at *2. On appeal, we held "the First Step Act's definition of a 'covered offense' covers a multidrug conspiracy offense that includes *both* a crack-cocaine element *and* another drug-quantity element." *Id.* at *3. After the Fair Sentencing Act, while Taylor's powder cocaine element of the offense

6

triggered the same ten-to-life penalty, the crack-cocaine element triggered a different, lower penalty. *Id.* at *5. Thus, Taylor's offense qualified as:

> a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2 of the Fair Sentencing Act, and he committed his offense before the Fair Sentencing Act became effective. That means his act is a covered offense. And the First Step Act gives a movant like Taylor who was sentenced for a covered offense the opportunity to make his case for a reduction in his sentence.

*Id.* at *5 (quotation marks and citation omitted).

The same reasoning applies here. Carroll's offense was conspiring to possess with intent to distribute at least 5 kilograms of powder cocaine and at least 50 grams of crack cocaine. Carroll's offense was "a violation of a Federal criminal statute, the statutory penalties for which were modified by section 2" of the Fair Sentencing Act, and he committed his offense before the Fair Sentencing Act became effective. Carroll's offense is a covered offense and the First Step Act gives Carroll the opportunity to make his case for a reduction in his sentence. *See id.* Because the district court erred in determining the Fair Sentencing Act would have no impact on Carroll's sentence, we vacate the district court's order and remand[3] for further proceedings consistent with this opinion. Our remand also allows the district court to adjudicate Carroll's Motion for Compassionate Release.

---

[3] "[T]he First Step Act does not authorize the district court to conduct a plenary or *de novo* resentencing." *United States v. Denson*, 963 F.3d 1080, 1089 (11th Cir. 2020). On remand, the district court may consider any information relevant to its decision, including any

**VACATED AND REMANDED.**

---

previous findings regarding the quantities of crack and powder cocaine involved in the conspiracy, and that the powder cocaine element of Carroll's offense still triggers the highest tier of statutory penalties. *See Taylor*, 2020 WL 7239632 at \*5. The fact that Carroll is eligible for a sentence reduction does not mean he is entitled to one.